IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Isidro Fierro-Gomes,<br><br>　　　　Defendant.<br>_____ | NO.　CR 13-01984-TUC-JAS(BPV)<br><br>**REPORT AND RECOMMENDATION ON REQUEST FOR EXTENSION OF COMMITMENT FOR COMPETENCY RESTORATION PERIOD** |

　　　　On March 16, 2015, Richart DeMier, Ph.D., with the Federal Medical Center in Springfield, Missouri, wrote a report [Doc. 68] recommending an extension to the Defendant's commitment for competency restoration treatment. Defendant filed a Response in Opposition to the Request for Second Extension of Restoration Commitment Period [Doc. 63] on March 26, 2015.

　　　　On March 23, 2015, the Court held a Status Conference and gave the Government leave to file a Reply to the Defendant's Response in Opposition to the Request for Second Extension of Restoration Commitment Period and advised the parties to contact chambers to arrange a future hearing date. The Government filed its Response to Defendant's Response [Doc. 70] on April 15, 2015.

　　　　The matter came on for Evidentiary Hearing before the Court on April 20, 2015. The Defendant was present via video conference. The Government called as witnesses via video conference Richart DeMier, Ph.D., and Robert Sarrazin, M.D.

1    The Court, having considered the briefing, arguments, and evidence presented,
2 recommends that the District Judge, after his independent review and consideration, enter an
3 order **GRANTING** the recommendation of Dr. DeMier [Doc. 68] for an extension to the
4 Defendant's commitment for competency restoration treatment and **DENYING** the
5 Defendant's Opposition [Doc. 63] to same.

6    **DISCUSSION**

7    Defendant is charged with assault by resisting arrest and biting a Border Patrol agent
8 on October 18, 2013.  At the time of this incident, another person armed with an AK-47 was
9 observed running away from the scene and did not participate in any further activity related
10 to this case.  The Defendant has now been in custody for 18 months.  The Government's
11 proposed treatment after 8 weeks will no doubt result in an increase of medication plus
12 another 8 weeks without knowing now when he will be restored after 24 months
13 incarceration.

14    This case presents as one where a mentally ill individual accused of a crime is being
15 psychiatrically treated for restoration of competency so that he can be prosecuted for assault
16 of a federal officer, be convicted, and arguably sentenced to time served.  As a result of this
17 conviction, he will be placed on supervised release.  Upon his release from federal prison and
18 deportation, the Defendant will no longer be medicated with psychiatric medications so that
19 he will no longer be competent to comply with his conditions of supervised release.

20    If the Defendant returns to the United States and is arrested, this cycle of prosecution
21 and treatment will begin all over again, but with more serious consequences in terms of a
22 lengthier prison sentence because of this pending conviction.

23    Under these circumstances, the Court sees no reason to authorize the further detention
24 for treatment of this Defendant.  Unfortunately, the law does not provide a remedy to this
25 unending cycle.

26    **CONCLUSION**

27    It is the recommendation of this Court that the District Judge, after his independent
28 review and consideration, enter an Order **GRANTING** the recommendation of Dr. DeMier

[Doc. 68] for an extension to the Defendant's commitment for competency restoration treatment and **DENYING** the Defendant's Opposition [Doc. 63] to same.

Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have fourteen (14) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any objections and Responses to objections filed should be filed as CR 13-01984-TUC-JAS. No Replies shall be filed unless leave is granted from the District Court.

DATED this 22nd day of April, 2015.

_____
Bernardo P. Velasco
United States Magistrate Judge